1  Leemore Kushner (SBN 221969)
   KUSHNER LAW GROUP
2  801 North Citrus Avenue
   Los Angeles, California 90038
3  Telephone: (323) 515-7894
   Facsimile: (323) 544-8170
4  Email: lkushner@kushnerlawgroup.com

5  Attorneys for Plaintiff Malibu Media, LLC

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MALIBU MEDIA, LLC, a California          Case No. ED CV12-1550-VAP
    limited liability company,                        (SPx)
12
                  Plaintiff,               COMPLAINT
13
           v.
14
    DAVID HICKS, an individual,
15
                  Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28
                              Complaint

Plaintiff Malibu Media, LLC, sues Defendant David Hicks ("Defendant"), and alleges as follows:

### Introduction

1.     This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.     Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's Internet service was used to illegally distribute each of the copyrighted movies set forth on Exhibit "A."

3.     Plaintiff is the registered owner of the copyrights set forth on Exhibit "A" (the "Copyrights-in-Suit").

### Jurisdiction And Venue

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

5.     Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant or Defendant's agent resides or may be found in this District.

**Parties**

7.     Plaintiff Malibu Media, LLC is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 31356 Broad Beach Road, Malibu, CA 90265.

8.     Defendant David Hicks is an individual who is a resident of the state of California.  As set forth on Exhibit A, Defendant's IP address is 75.140.12.133.

9.     Defendant's Internet Service Provider, Charter Communications, can correlate the Defendant's IP address to the Defendant's true identity.

**Factual Background**

10.     BitTorrent is one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data.

11.     The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.  In short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

12.      Each of the peers in a BitTorrent swarm distributes pieces of the file to each other.

13.     After a peer receives all of the pieces of a file, the peer's BitTorrent software program reassembles the pieces so that the file may be opened and used or played.

14.     Each piece of BitTorrent file is assigned a unique cryptographic hash value.

15.     The cryptographic hash value acts as a unique digital fingerprint to ensure a piece of the data belongs in a particular BitTorrent file.

Complaint

16.   Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the IP address set forth on Exhibit A on each of the hit dates set forth on Exhibits A and B.

17.   Each of the pieces of data received by IPP Limited, as set forth on Exhibit A, contains a unique cryptographic hash value.

18.   Cryptographic hash values act as digital fingerprints to ensure that data belongs to a particular BitTorrent file.

19.   Each of the cryptographic hash values set forth on a row of Exhibit A correlates to that certain copyrighted movie owned by Plaintiff identified on that row of Exhibit A, and the Copyright Registration Number on that row.

20.   Each of the pieces of data distributed by Defendant to IPP Limited as set forth on Exhibit A is part of a computer file containing a copy of a movie covered by a Copyright-In-Suit which is identical (or alternatively, strikingly similar or substantially similar) to the movie covered by the Copyright-In-Suit.  Indeed, the infringement was verified by viewing the copy of the movie contained in the computer file associated with the cryptographic hash value to the movie that was registered.

21.   For each Copyright-in-Suit, the most recent date and time (the "hit date"), (in undersigned's possession when this Complaint was drafted), on which IPP recorded Defendant's IP Address being used to distribute to IPP Limited a piece of a computer file containing the infringing movie is set forth on Exhibit A.

22.   A chart correlating hit dates to titles and registration numbers is set forth on Exhibit B.  As recorded by IPP Limited, Exhibit B sets forth the hit dates (in undersigned's possession when this Complaint was drafted) associated with all of Defendant's infringing distributions of pieces of computer files containing copies of the movies covered by the Copyrights-In-Suit.

23.   As the subscriber of the Internet service being used to distribute

3
Complaint

1  Plaintiff's copyrighted movies, Defendant is the most likely infringer.
2  Consequently, Plaintiff hereby alleges Defendant is the infringer.

3      24.   Defendant is the only person who can be identified as the infringer at
4  this time.

5                              **Miscellaneous**

6      25.   All conditions precedent to bringing this action have occurred or have
7  been waived.

8      26.   Plaintiff retained counsel to represent it in this matter and is obligated
9  to pay said counsel a reasonable fee for their services.

10                               **COUNT I**
11                **Direct Infringement Against Defendant**

12     27.   The allegations contained in paragraphs 1-26 are hereby re-alleged as if
13  fully set forth herein.

14     28.   Plaintiff is the owner of the Copyrights-in-Suit, each of which covers
15  an original work of authorship.

16     29.   By using the BitTorrent protocol, Defendant copied and distributed the
17  constituent elements of each of the original works covered by the Copyrights-in-
18  Suit.

19     30.   Plaintiff did not authorize, permit or consent to Defendant's copying of
20  its works.

21     31.   As a result of the foregoing, each Defendant violated Plaintiff's
22  exclusive right to:

23     (A)   Reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and
24  501;

25     (B)   Redistribute copies of the Works to the public by sale or other transfer
26  of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and
27  501;

28

4

Complaint

(C) Perform the copyrighted Works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Works' images in any sequence and/or by making the sounds accompanying the Works audible and transmitting said performance of the Works, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D) Display the copyrighted Works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Works nonsequentially and transmitting said display of the Works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

32. Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

33. Plaintiff has suffered actual damages that were proximately caused by Defendant including lost sales, price erosion and a diminution of the value of its copyright.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(B) Order that each Defendant delete and permanently remove the torrent files relating to Plaintiff's copyrighted works from each of the computers under Defendant's possession, custody or control;

(C) Order that Defendant delete and permanently remove the infringing copies of the works that Defendant has on computers under Defendant's possession, custody or control;

1    (D)    Award Plaintiff the greater of: (i) statutory damages in the amount of

2    $150,000 per infringed work infringed, pursuant to 17 U.S.C. § 504 (a) and (c), or

3    (ii) Plaintiff's actual damages and any additional profits of the Defendant pursuant

4    to 17 U.S.C. § 504 (a)-(b);

5    (E)    Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17

6    U.S.C. § 505; and

7    (F)    Grant Plaintiff any other and further relief this Court deems just and

8    proper.

9    **<u>DEMAND FOR A JURY TRIAL</u>**

10    Plaintiff hereby demands a trial by jury on all triable issues.

11

12    DATED: September 10, 2012         KUSHNER LAW GROUP

13

14

15    By: _____

16         Leemore L. Kushner
         Attorneys for Plaintiff Malibu Media, LLC

17

18

19

20

21

22

23

24

25

26

27

28
                                    6
                                Complaint

# EXHIBIT A

**Defendant: David Hicks**

**IP:** 75.140.12.133
**ISP:** Charter Communications
**Location:** Rancho Cucamonga, CA

| Title | Hash | Date First Pub | Regis Date | Hit Date |
|---|---|---|---|---|
| The Rich Girl Part #2 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | 11/16/2011 | 11/30/2011 | 12/19/2011 20:58:40 |
| Lunchtime Fantasy | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | 03/19/2012 | 03/19/2012 | 03/19/2012 15:06:31 |
| Wild at Heart | F9DB03E42C4E0F0EA70315B19E9BD5A816F70E09 | 04/08/2012 | 04/09/2012 | 04/10/2012 14:27:26 |

**Total Statutory Copyright Infringements for Defendant David Hicks:  3**

# EXHIBIT B

**Defendant: David Hicks**

**IP:** 75.140.12.133
**ISP:** Charter Communications
**Location:** Rancho Cucamonga, CA

| IP | Hash | Title | Hit Date UTC |
|---|---|---|---|
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 07:54:40 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 07:54:51 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 07:54:54 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 08:01:36 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 08:02:06 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 16:36:21 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 16:37:16 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 16:58:42 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 16:59:56 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 17:01:58 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 17:02:52 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 17:03:35 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 17:48:08 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 18:23:25 |

| IP | Hash | Title | Hit Date UTC |
|---|---|---|---|
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 18:24:08 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 18:28:30 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 18:35:13 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 18:35:49 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:53:34 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:56:14 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:56:19 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:56:38 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:56:44 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:57:20 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:58:16 |
| 75.140.12.133 | AF4FEA9577B0B1C6C617B7CD3C048BB0283C2448 | The Rich Girl Part #2 | 12/19/2011 20:58:40 |
| 75.140.12.133 | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | Lunchtime Fantasy | 03/19/2012 14:56:21 |
| 75.140.12.133 | DC01C9734D05EC1F58F0F17E72AB2F363F0017A4 | Lunchtime Fantasy | 03/19/2012 15:06:31 |
| 75.140.12.133 | F9DB03E42C4E0F0EA70315B19E9BD5A816F70E09 | Wild at Heart | 04/10/2012 14:21:45 |
| 75.140.12.133 | F9DB03E42C4E0F0EA70315B19E9BD5A816F70E09 | Wild at Heart | 04/10/2012 14:24:35 |
| 75.140.12.133 | F9DB03E42C4E0F0EA70315B19E9BD5A816F70E09 | Wild at Heart | 04/10/2012 14:27:26 |

| IP | Hash | Title | Hit Date UTC |
|---|---|---|---|
| 75.140.12.133 | 8347F054CEFAF38A95435CA9C94F2B1DDD2D27AF | Slow Motion | 04/26/2012 19:11:04 |
| 75.140.12.133 | 8347F054CEFAF38A95435CA9C94F2B1DDD2D27AF | Slow Motion | 04/26/2012 19:13:35 |
| 75.140.12.133 | 8347F054CEFAF38A95435CA9C94F2B1DDD2D27AF | Slow Motion | 04/26/2012 19:13:45 |
| 75.140.12.133 | 8347F054CEFAF38A95435CA9C94F2B1DDD2D27AF | Slow Motion | 04/26/2012 19:14:50 |
| 75.140.12.133 | 8347F054CEFAF38A95435CA9C94F2B1DDD2D27AF | Slow Motion | 04/26/2012 19:15:15 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 1550 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
| --- | --- | --- |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Central District of California

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company, | ) ) ) ) |
| *Plaintiff(s)* | ) ) Civil Action No. E()C¥ 12- 1550 - VAP (SP) |
| v. | ) |
| DAVID HICKS, an individual, | ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  David Hicks, 6196 Kirkwood Avenue, Rancho Cucamonga, CA 91701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Leemore Kushner
Kushner Law Group
801 N. Citrus Avenue
Los Angeles, CA 90038
Tel: (323) 515-7894

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*



Date:  SEP 1 1 2012       MARILYN DAVIS
                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*


                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Malibu Media, LLC | David Hicks |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Leemore Kushner (SBN 221969), Kushner Law Group<br>801 N. Citrus Avenue, Los Angeles, CA<br>Tel: (323) 515-7894 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ 150,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 USC 501 - Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: EDCV12-1550

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): Case No. CV12-1642 RGK (SSx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☑ A.  Arise from the same or closely related transactions, happenings, or events; or

☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Leemor Kushner_  **Date** September 10, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |