1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10

11   MALIBU MEDIA, LLC, A          )     Case No. EDCV 12-01550 VAP (SPx)
     CALIFORNIA LIMITED LIABILITY  )
12   COMPANY,                      )     STANDING ORDER
                                   )
13                  Plaintiff,     )
                                   )
14        v.                       )
                                   )
15   DAVID HICKS, AN INDIVIDUAL,   )
                                   )
16                  Defendant.     )
     _____ )

17

18          **READ THIS ORDER CAREFULLY.   IT CONTROLS THIS CASE
          AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19

20        This action has been assigned to the calendar of Judge

21   Virginia A. Phillips.

22        The responsibility for the progress of litigation in the

23   Federal Courts falls not only upon the attorneys in the action, but

24   upon the Court as well.  To secure the just, speedy, and

25   inexpensive determination of every action, (Fed. R. Civ. P. 1), all

26   counsel are hereby ordered to become familiar with the Federal

27   Rules of Civil Procedure and the Local Rules of the Central

28   District of California.[*]

s:\vap\1civil\0cvordciv1.frm

1       The Court further orders as follows:

2

3       **1.    Service of the Complaint.**  The Plaintiff shall serve the

4   Complaint promptly in accordance with Fed. R. Civ. P. 4 and file

5   the proofs of service pursuant to Local Rule 5-3.

6

7       **2.    Proposed Orders.**  Each party filing or opposing a motion

8   or seeking the determination of any matter shall serve and file a

9   proposed order which sets forth the relief or action sought and a

10  brief statement of the rationale for the decision, including

11  citation of authorities, that the party requests the Court to

12  adopt.

13

14      **3.    Presence of Lead Counsel.  All** lead trial counsel must

15  attend any scheduling and pretrial conferences set by the Court.

16  Failure of lead trial counsel to appear for those proceedings is a

17  basis for sanctions.

18

19      **4.    Motions.**  Motions shall be filed and set for hearing in

20  accordance with Local Rule 6-1.  Motions will be heard on Mondays

21  commencing at 2:00 p.m.  If Monday is a national holiday, this

22  Court does not hear motions on the succeeding Tuesday.  Any motion

23  noticed for a holiday shall automatically be set to the next Monday

24  without further notice to the parties.  Any opposition or reply

25  papers due on a holiday are due the preceding Friday, not the

26  following Tuesday.  Memoranda of Points and Authorities in support

27  of or in opposition to motions shall not exceed 25 pages.  Replies

28  shall not exceed 12 pages.  Only in rare instances, and for good

1   cause shown, will the Court agree to extend these page limitations.

2   When citing to legal databases, wherever possible cite to Westlaw

3   rather than Lexis.

4        Unless clearly justified under the circumstances of the case,

5   "motions to dismiss or in the alternative for summary adjudication"

6   are discouraged.  These composite motions tend to blur the

7   legitimate distinction[s] between the two motions, which have

8   different purposes.  Frequently, the composite motions introduce

9   evidence that is extrinsic to the pleadings.  On the one hand, such

10  evidence is improper for consideration in a Fed. R. Civ. P.

11  12(b)(6) motion, while on the other hand, treatment of the motion

12  as a Rule 56 motion frequently results in reasonable invocation of

13  Rule 56(f) by the non-moving party.

14       Moreover, Rule 12(b)(6) motions are discouraged unless counsel

15  has a good faith belief that such motion will likely result in

16  dismissal, without leave to amend, of all or at least some of the

17  claims under applicable law.

18       **Motions for Summary Judgment or Partial Summary Judgment:**   No

19  party may file more than one motion pursuant to Fed. R. Civ. P. 56

20  regardless of whether such motion is denominated as a motion for

21  summary judgment or summary adjudication.  Parties offering

22  evidence in support of, or in opposition to, a Rule 56 motion must

23  cite to specific page and line numbers in depositions and paragraph

24  numbers in affidavits.  Furthermore, such evidence must be

25  authenticated properly.  The Court directs the parties to become

26  familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th

27  Cir. 2002).

28

1    The moving party's brief shall also be accompanied by an

2  statement of undisputed facts ("SUF").  The SUF shall be presented

3  in a table format and include the following columns:

4         a.    The first column shall contain the number of the

5               fact alleged to be undisputed.

6         b.    The second column shall contain a plain statement of

7               the fact.  **Facts shall not be compound.**  If, for

8               instance, the required response is that the fact is

9               disputed in part, the fact is compound.  Further,

10              neither legal arguments nor conclusions constitute

11              facts.

12        c.    The third column shall contain a citation to

13              admissible evidence the party believes supports the

14              proffered fact.

15    For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. |
| . . . | . . . | . . . |

24    The party opposing the summary judgment motion shall include

25 with its opposition a statement of genuine issues that includes the

26 moving party's table; but the opposing party shall add a fourth

27 column to the moving table identifying those facts that are in

28

1    dispute, briefly explaining the dispute, and citing the evidence

2    supporting the dispute.  The opposing party shall not set forth

3    legal objections in the statement of genuine issues.  For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed.  The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Dec. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

19       If a party fails to dispute a fact properly by offering

20   evidence that does not contradict the proffered fact, the Court

21   will deem the fact undisputed for purposes of the motion.  See Fed.

22   R. Civ. P. 56(e)(2), L.R. 56-3.

23

24       If the party opposing the summary judgment motion wishes to

25   include its own set of undisputed facts, it may include them in a

26   second table at the end of its statement of genuine issues.  The

27   opposing party's undisputed facts shall be set forth in the same

28   manner as the moving party's SUF.  For example:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

If either party fails to provide a pincite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported. See generally Christian Legal Soc. v. Wu, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (alteration omitted)))).

Additionally, parties shall file any legal objections to the other party's proffered evidence under separate cover.

**5.    Withdrawal or Non-Opposition of Motions:   In the event that the parties are able to resolve a pending motion, *they must notify the Court* approximately one week before the hearing date.** Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

1    **6.    Electronic filing.**  As of January 1, 2008, the United

2  States District Court for the Central District of California

3  implemented mandatory electronic filing ("e-filing") of documents

4  in all new and pending civil cases.  Information about the Court's

5  Electronic Case Filing system, is available on the Court's website

6  at www.cacd.uscourts.gov/cmecf.

7    The "e-filing" of all documents required to be "e-filed" in

8  this matter pursuant to General Order No. 10-07 and Local Rule 5-4

9  shall be completed by **4:00 p.m. on the date due**.  Any documents

10  "e-filed" after 4:00 p.m. on the date due will be considered

11  **untimely.**  Any documents that fail to comply with Local Rule 5-4,

12  and particularly Local Rule 5-4.3.1 may be rejected.

13

14    **7.    Mandatory chambers copies.  Counsel shall provide one**

15  **conformed chambers copy of any "e-filed" document.**  Such chambers

16  copies shall be delivered to the "Courtesy Box," located outside of

17  Courtroom 2 on the 2nd floor at the United States District Court,

18  3470 Twelfth Street, Riverside, California 92501, no later than

19  5:00 p.m. on the day following "e-filing."  All chambers copies

20  shall comply fully with the document formatting requirements of

21  Local Rule 11-3, including the "backing" and "tabbing" requirements

22  of Local Rules 11-3.5 and 11-5.3, respectively.  If the filing

23  party and their counsel fail to deliver a mandatory chambers copy

24  in full compliance with this Order and Local Rule 11-3, the Court

25  may, on its own motion, reschedule any related hearing, as well as

26  imposing sanctions.

27

28

1      **8.   Discovery**.  All discovery matters have been referred to a

2  United States Magistrate Judge (see initial designation following

3  the case number) to hear all discovery disputes.  The words

4  "DISCOVERY MATTER" shall appear in the caption of all documents

5  relating to discovery to insure proper routing.  Counsel are

6  directed to contact the Magistrate Judge Courtroom Deputy Clerk for

7  the assigned Magistrate Judge to schedule matters for hearing.

8      The decision of the Magistrate Judge shall be final, subject

9  to modification by the District Court only where it has been shown

10  that the Magistrate Judge's order is clearly erroneous or contrary

11  to law.

12      Any party may file and serve a motion for review and

13  reconsideration before this court.  The party seeking review must

14  do so within ten (10) days of service upon the party of a written

15  ruling or within ten (10) days of an oral ruling that the

16  Magistrate Judge states will not be followed by a written ruling.

17  The motion must specify which portions of the text are clearly

18  erroneous or contrary to law and the claim must be supported by

19  points and authorities.  A copy of the moving papers and responses

20  shall be delivered to the Magistrate Judge's clerk for review upon

21  the filing of the required documents.

22

23      **9.   *Ex Parte* Applications**.  *Ex parte* applications are

24  considered on the papers and are not usually set for hearing.

25  Counsel are advised that this Court allows *ex parte* applications

26  solely for extraordinary relief -- sanctions may be imposed for

27  misuse of *ex parte* applications.  <u>See In re Intermagnetics Am.,</u>

28  <u>Inc.</u>, 101 B.R. 191 (Bankr. C.D. Cal. 1989).  Counsel also should

1 become familiar with <u>Mission Power Engineering Co. v. Continental</u>

2 <u>Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte*

3 applications.

4    Counsel's attention is directed to Local Rule 7-19. The

5 moving party shall serve the opposing party by facsimile

6 transmission and shall notify the opposition that opposing papers

7 must be filed not later than twenty-four hours following such

8 facsimile service. The moving party's declaration in support of an

9 *ex parte* application shall show compliance with Local Rule 7-19 and

10 this Order, failing which the application shall be DENIED. If

11 counsel does not intend to oppose an *ex parte* application, they

12 must so inform the Courtroom Deputy Clerk, (951) 328-4461. As with

13 all motion papers, counsel must deliver a conformed courtesy copy

14 of the papers to the "Courtesy Box", located outside of Courtroom 2

15 on the 2nd floor at United States District Court, 3470 Twelfth

16 Street, Riverside, California 92501. Counsel will be notified by

17 the Courtroom Deputy Clerk of the Court's ruling or of a hearing

18 time and date should the Court determine that a hearing is

19 necessary.

20

21   **10. Stipulations**. Stipulations extending scheduling dates

22 set by this Court are not effective unless approved by the Court.

23 Counsel requesting a continuance must submit a stipulation, with a

24 detailed declaration of the basis for the requested continuance or

25 extension of time, and a proposed order. Continuances will be

26 granted only upon a showing of good cause, focusing on the

27 diligence of the party seeking the continuance and any prejudice

28 that may result if the continuance is denied. Any continuances

1  that are requested without an accompanying declaration will be

2  rejected without notice to the parties.  The Court sets **firm** trial

3  dates and will not change them without a showing of good cause.

4

5       **11.  Applications to File Under Seal.**  Parties are reminded

6  that court proceedings are presumptively public, and no document

7  shall be filed under seal without request for a court order that is

8  narrowly tailored to cover only the document, the particular

9  portion of the document, or category of documents for which good

10  cause exists for filing under seal.  To that end, if a party wishes

11  to file a document under seal, that party shall first file a

12  written request for a sealing order setting forth the good cause

13  and accompanied by a proposed order that is narrowly tailored as

14  specified above.

15       If the sole ground for the sealing order is that the opposing

16  party (or non-party) has designated the document as confidential,

17  the opposing party (or non-party) shall file a declaration

18  establishing good cause for the sealing along with a proposed

19  order, or shall withdraw the designation.  The declaration shall be

20  filed within five days of service on the opposing party (or non-

21  party) of the request for a sealing order.  If the declaration is

22  not filed as required, the Court may order that the document be

23  filed in the public record.

24       **Use of Sealed Documents in Motion Papers:** The Court cautions

25  parties that documents designated as confidential that are attached

26  as exhibits to case-dispositive motions, or redacted portions of

27  case-dispositive briefs that contain confidential information, must

28  meet the high "compelling reasons" threshold.  See <u>Kamakana v. City</u>

1   *of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  A good cause showing,

2   without more, will not satisfy a compelling reasons test, but will

3   only suffice to maintain the confidentiality of documents attached

4   to *non-dispositive* motions.  Documents designated as confidential

5   in conjunction with case-dispositive motions or briefs that do not

6   satisfy the compelling reasons test may accordingly be re-

7   designated as public information upon proper request.  See Foltz v.

8   State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

9        **Use of Sealed or Confidential Documents at Trial:**

10  Notwithstanding any provision of a protective order to the

11  contrary, any document, whether previously designated confidential

12  or previously sealed, will be unsealed and will lose its

13  confidential status if offered as an exhibit at trial, absent a

14  showing of the "most compelling" reasons.  See Manual for Complex

15  Litigation § 21.432; Foltz, 331 F.3d at 1135-36.  Any party

16  believing that a document, portions thereof, or witness testimony

17  should remain confidential or sealed during trial must request in

18  advance of trial that the court take extraordinary measures, such

19  as closing the courtroom to the public or sealing the trial

20  transcript, to protect the confidentiality of that information.

21  The request must be made in writing and filed no later than the

22  date on which pretrial papers are due.

23       If previously sealed documents are ordered unsealed for use at

24  trial, counsel for the party offering the document as evidence

25  shall, within two business days of the conclusion of the trial,

26  identify which entries on the docket represent the exhibits

27  actually received.  Counsel are required to cooperate with the

28

s:\vap\1civil\0cvordciv1.frm                    11

1   deputy clerk in order to complete the unsealing process in cases

2   involving voluminous sealed documents.

3

4

5        **12.  Removed Actions**.  Any answers filed in state court must

6   be re-filed in this Court (separately) as a supplement to the

7   petition.  Any pending motions must be re-noticed in accordance

8   with Local Rule 6-1.

9

10        **13.  Communications with Chambers.**  Counsel shall not attempt

11   to contact the Court or its staff by telephone or by any other *ex*

12   *parte* means.  Counsel must list their facsimile transmission

13   numbers along with their telephone numbers on their papers.

14

15        **14.  Notice of this Order.**  Counsel for plaintiff, or

16   plaintiff, if appearing on his or her own behalf, shall immediately

17   serve this Order on all parties, including any new parties to the

18   action.  If this case came to the Court by noticed removal, the

19   removing defendant shall serve this Order on all other parties.

20

21        **15.  Internet Site.**  Counsel are directed to review the

22   Central District's website for additional information.  The address

23   is "http://www.cacd.uscourts.gov".

24

25

26   Dated:_September 13, 2012_                    _____

27                                                VIRGINIA A. PHILLIPS
                                                 United States District Judge

28

s:\vap\1civil\0cvordciv1.frm                    12

1  \* Copies of the Local Rules are available on our website at
   "http://www.cacd.uscourts.gov" or they may be purchased from one of
2  the following:

3       Los Angeles Daily Journal
        915 East 1st Street
4       Los Angeles, California  90012

5       West Publishing Company
        610 Opperman Drive
6       Post Office Box 64526
        St. Paul, Minnesota  55164-0526
7
        Metropolitan News
8       210 South Spring Street
        Los Angeles, California  90012
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28